JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tempest Wright,<br><br>     Plaintiff,<br><br> Against<br><br>Westlake Portfolio Management, LLC;<br><br>     Defendant. | Case No.:<br><br>**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*<br>Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §§ 1788 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tempest Wright ("Plaintiff"), by and through her attorneys, The Law Offices of Jonathan A. Stieglitz,  and as for her Complaint against the Defendant Westlake Portfolio Management, LLC ("WPM" or "Defendant"), based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress

was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2.    The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws were inadequate." *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

3.    The Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* was enacted because unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Thus, the purpose of the RFDCPA is to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

**JURISDICTION AND VENUE**

4.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.  Supplemental jurisdiction of this Court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where the Defendant resides.

## **NATURE OF THE ACTION**

7.    Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

8.    Plaintiff is seeking damages, declaratory and injunctive relief.

## **PARTIES**

9.    Plaintiff is a resident of the State of Georgia.

10.  Plaintiff is a person as defined by Cal. Civ. Code § 1788.2(g) and is obligated or allegedly obligated to pay any debt.

11.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

12.  Defendant WPM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and Cal. Civ. Code § 1788.2(c).

13.  WPM primary place of business is California and can be served c/o Corporate Creations Network Inc located at 5901 W Century Blvd, Ste 750, Los Angeles, CA, 90045.

14.  Upon information and belief, Defendant WPM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **FACTUAL ALLEGATIONS**

15.  Plaintiff repeats the above paragraphs as if set forth here.

16.  Some time prior to May 19, 2023, Plaintiff allegedly incurred an obligation to non-party U.S. Auto Finance, Inc. ("USAF").

17.  The USAF obligation arose out of a loan transaction incurred primarily for the purchase of a vehicle.

18.  The alleged USAF obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

19.  USAF  is a "creditor" as defined by 15 U.S.C. § 1692a(4) and Cal. Civ. Code § 1788.2(i).

20.  According to the letter described below, Defendant was retained to collect the alleged debt.

21.  Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and internet.

22.  On or around March 15, 2022, the Plaintiff purchased a car from USAF and financed a total amount of $22,333.18 with the terms of the contract calling for her to pay $235 every two weeks.

23.  After a year of making payments, she received a letter stating that her account would be transferred to Defendant.

24.  During the time of the transfer, she did not make any payments since she was not informed where to send the payments to, so it was likely that at the time it was assigned to Defendant she was in default for one or two total payments.

25.  On June 2, 2023 she received an initial communication email from the Defendant stating that she was in default, despite the fact they had not informed her where to send her payments due.

26.  The letter continued to state that they have decided to bring your delinquent account up to date.

27.  Additionally, in June shortly after receiving this email she received by mail an undated letter which appears to be a form initial collection letter.

28.  This letter demanded the entire payment of the total debt, despite her being at most two payments behind.

29.  In response to this collection letter, on or around June 8, 2023 she disputed the debt via email, explaining both her confusion regarding the contradictory letters and that she did not owe the entire amount at this time.

30.  On or around July 5, 2023 she received a payment demand from the Defendant despite the fact the debt was not validated as required.

31.  In response to this demand for payment the Plaintiff called the Defendant who stated they had not received all the documents yet from the original creditor but if she did not pay today the car would be repossessed.

32.  On or around August 15, 2023 again without validating the debt the Defendant sent a payoff letter demanding that the entire balance be paid that day.

33.  On or around August 18, 2023 again without validating the debt the Defendant added the account to the Plaintiff's credit report claiming it was an installment account, yet at no point was she given the ability to make installment payments.

34.  Despite all these violations the client made payments in these months for fear of her car being repossessed.

### *Violation I – Initial Collection Letters*

35.  Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 34 above herein with the same force and effect as if the same were set forth at length herein.

36. On a date better known by Defendant, Defendant sent the Plaintiff a collection letter ("Letter") regarding the alleged debt, originally owed to USAF. See Letter attached as Exhibit A.

37. This Letter demanded the entire debt amount despite the fact that the Plaintiff had been making payments up and until the transfer of the debt.

38. Furthermore, the Plaintiff had received a prior collection letter (attached as Exhibit B) which states that the delinquent account was being made current.

39. These two letters clearly contradict each other.

40. Additionally, the Exhibit A Letter is not dated.

41. Despite the fact that the Letter lacks a date, Defendant states, in relevant part:

> You had an account with U.S. AUTO FINANCE, INC with account number *****2004

| | | |
|---|---|---|
| As of 05/19/2023, you owed: | | $20,324.78 |
| Between 05/19/2023, and today: | | |
| You were charged this amount in interest: | + | $27.20 |
| You were charged this amount in fees: | + | $0.00 |
| You paid or were credited with this amount toward the debt: | - | $0.00 |
| **Total amount of the debt now:** | | **$20,351.98** |

42. There is no way to determine from the Letter which date "today" and "now" refer to, as the Letter is not dated.

43. The Plaintiff was thereby misled as to the status of the subject debt, for it was not associated with a particular date.

44.  It is common practice to date official letters.

45.  Letters that lack a date make them seem illegitimate.

46.  A consumer, such as Plaintiff, cannot pay an alleged debt, trusting the debt collector, such as Defendant, and the statements made within the debt collector's correspondence, when it appears that the information stated in the debt collector's letter is incorrect, inaccurate, or otherwise misleading, making the consumer question the legitimacy of the debt collector's attempts to collect the alleged debt.

47.  The fact that Defendant did not date the letter and yet attempted to define the subject debt based on a nebulous date was suspicious, misleading, and out of character for a legitimate debt collection.

48.  Therefore, Defendant's omissions cast a negative shadow over its debt collection practice in general.

49.  Additionally, the debt was not static during this time period, so it is impossible for Plaintiff to determine if the debt is continuing to accrue fees without a date defining the time period of the breakdown of the debt.

50.  When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

51.  This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

52.  When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

53.  Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

54.  One important element of consumer protection revolves around keeping the consumer informed.

55.  When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

56.  However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

57.  These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

58.  The non-dated letter coupled with the references to "today" and "now" make it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

59.  Defendant's actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendant's debt collection efforts.

60.  Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA and RFDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

61.  Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately and informatively respond to Defendant's demand for payment of this debt.

62.  Plaintiff was misled and made to be uncertain to her detriment by the statements and/or omissions in the Letters and relied on the contents of the Letters to her detriment.

63.  When a debt collector fails to effectively inform the consumer of their rights and legal status of their debt, in violation of statutory law, the debt collector has harmed the consumer.

64.  Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

65.  As it relates to the violations complained of herein, Congress identified concreate and particularized harms with a close common-law analogue to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

66.  As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

### *Violation II – Failure to Validate Debt*

67.  Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 66 above herein with the same force and effect as if the same were set forth at length herein.

68.  On a date better known by Defendant, Defendant sent the Plaintiff a collection letter ("Letter") regarding the alleged debt, originally owed to USAF. See Exhibit A.

69.  When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

     a.  the amount of the debt;

     b.  the name of the creditor to whom the debt is owed;

     c.  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

     d.  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of

such verification or judgment will be mailed to the consumer by the debt collector; and

e. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

70. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

71. In response to this initial communication letter, Plaintiff asserted her "g-notice" rights, and requested validation in writing via email sent to Defendant on June 8, 2023 wherein Plaintiff stated she could not owe the full amount of the debt since she had been making her required payments up until the transfer of the debt.

72. In response to the dispute, Defendant sent no response whatsoever.

73. Despite Plaintiff's dispute of the debt and request for validation in accordance with 15 U.S.C. §1692g, Defendant continued collection activities by sending a payment reminder on July 5, 2023.

74. In response to this letter the Plaintiff called and was told the validation documents had not been received yet but if she did not pay her car would be repossessed.

75. Despite Plaintiff's dispute of the debt and request for validation in accordance with 15 U.S.C. §1692g, Defendant continued collection activities by sending another letter on August 15, 2023 demanding the entire balance be paid that same day.

76. Despite Plaintiff's dispute of the debt and request for validation in accordance with 15 U.S.C. §1692g, Defendant continued collection activities by reporting the debt on her credit report on or around August 18, 2023.

77. Defendant was required to cease collection until the Plaintiff was provided with proper validation of the alleged debt.

78. Defendant failed to honor the validation request and continued collection efforts.

79. The fact that Defendant did not validate the date and yet attempted to continue to collect on the debt was suspicious, misleading, and out of character for a legitimate debt collection.

80. Despite all these violations the Plaintiff resumed making payments causing her actual damage of loss of money as a result of these improper and harassing collections.

81.  Therefore, Defendant's omissions cast a negative shadow over its debt collection practice in general.

82.  Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

83.  These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

84.  Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

85.  Defendant's deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

86.  As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

87.  Plaintiff repeats the above allegations as if set forth here.

88. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692d.

89. Pursuant to 15 U.S.C. §1692d, "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

90. Thereafter, 15 U.S.C. § 1692d provides a non-exhaustive list of conduct that violates the statute.

91. Defendant violated this section by:

    a. Using harassing, oppressing, and/or abusive conduct in attempting to collect the alleged debt by failing to validate Plaintiff's debt after Plaintiff's dispute.

    b. Using harassing, oppressing, and/or abusive conduct in attempting to collect the alleged debt by requiring immediate payment of the debt or risk repossession without validating Plaintiff's debt.

    c. Informing Plaintiff that her debt was going to be brought current and then sending over a collection letter for the past due balance.

    d. Omitting a date from their dunning letter and defining Plaintiff's debt based on the omitted date.

92.  By reason thereof, Defendant is liable to the Plaintiff for judgment that Defendant's conduct violated Section 1692d, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq.*

93.  Plaintiff repeats the above allegations as if set forth here.

94.  Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

95.  Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

96.  Defendant violated §1692e:

    a.  As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A);

    b.  By stating that Plaintiff's account was going to be brought current and then sending a collection letter for the debt;

    c.  By failing to communicate that a disputed debt is disputed in violation of §1692e(8);

    d.  By making a false and misleading representation/omissions in violation of §1692e(10).

By reason thereof, Defendant is liable to the Plaintiff for judgment that Defendant's

conduct violated Section 1692e, et seq. of the FDCPA and the Plaintiff is entitled

to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f *et seq.*

97.  Plaintiff repeats the above paragraphs as if set forth here.

98.  Defendant's debt collection efforts attempted and/or directed towards the

Plaintiff violated various provisions of the FDCPA, including but not limited to 15

U.S.C. § 1692f.

99.  Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or

unconscionable means in connection with the collection of any debt.

100. Defendant violated this section:

    a.  By omitting material terms from the dunning letter to disadvantage
the Plaintiff from making an educated decision regarding the
subject debt including failing to properly advise Plaintiff as to the
nature and status of the alleged debt;

    b.  By sending a letter requiring that the Plaintiff pay the entire amount
of the debt that same day;

    c.  By reporting the account to a credit reporting agency without first
validating the debt upon request from Plaintiff;

101. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g *et seq.*

102. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

103. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

104. Pursuant to 15 U.S.C. §1692g(b), If a consumer notifies the debt collector in writing, within the thirty-day validation period, a debt collector shall cease collection of the debt until the debt collector obtains verification of the debt.

105. The Defendant violated said section by continuing collection activities after Plaintiff had previously asserted her "g notice" rights, and requested validation in writing in an email sent to the Defendant.

106. Defendant was required to cease collection until the Plaintiff was provided with validation of the alleged debt.

107. Defendant failed to cease collection efforts and continued collections.

108. Defendant failed to provide the Plaintiff with any form of validation prior to continuing to collect the debt.

109. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT V
## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

110. Plaintiff repeats the above allegations as if set forth here.

111. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Cal. Civ. Code § 1788.14 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i. Defendant violated 15 U.S.C. § 1692d by using harassing, oppressing, and/or abusive conduct in attempting to collect the alleged debt.

        ii. Defendant violated 15 U.S.C. § 1692e by using false, deceptive or misleading representations or means in connection with the collection of the debt by sending contradictory letters to the Plaintiff.

iii. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect the debt or obtain information concerning the consumer.

iv. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

v. Defendant violated 15 U.S.C. § 1692g by failing to respond to a valid request for validation of the debt.

b. Defendant violated Cal. Civ. Code § 1788 by failing to respond to Plaintiff's request to validate the debt.

112. Defendant's acts, as described above, were done intentionally with the purpose of coercing the Plaintiff to pay the alleged debt.

113. As a result of the foregoing violations of the RFDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, attorneys' fees and costs.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tempest Wright demands judgment from Defendant WPM as follows:

a)    Awarding the Plaintiff statutory damages;

b)    Awarding the Plaintiff actual damages;

c)    Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

d)    Awarding pre-judgment interest and post-judgment interest; and

e)    Awarding the Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  December 20, 2023

THE LAW OFFICES OF
JONATHAN A. STIEGLITZ

By:    */s/ Jonathan A Stieglitz*
Jonathan A Stieglitz